UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**Gaudalupe Comonfort Pastrana**
**Rodrigo Neri-Beltran**

    **Plaintiffs**

    v.

                                        **Case No. _____**

**Medji Restaurant, LLC**
**Cai Huang**
**"Amy" Huang**

    **Defendants.**
_____

# COMPLAINT
_____

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is an individual action under the Fair Labor Standards Act against all Defendants, as well as an individual action under Wis. Stat. §109.03(5) against Defendant Medji Restaurant, LLC to recover all minimum wages, overtime pay, and statutory penalties and costs that the Plaintiffs should have but did not receive from the Defendants.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has personal jurisdiction over the Defendants because they reside in and perform a substantial amount of work in this District; and because the Plaintiffs' claims arise from the Defendant's performance of work in, and therefore contacts with this District.

1

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

## THE PARTIES

5. At all times relevant to the Complaint, the Defendants operated a restaurant named Meiji Cuisine located at 2503 Plaza Ct. in Waukesha, Wisconsin. ("Meiji Cuisine")

6. Both named Plaintiffs were referred by an employment agency named Jou's Employment Agency Inc. to work for the Defendants in 2014, and thereafter became adult residents of the State of Wisconsin. Plaintiffs performed non-tipped work for the Defendants at Meiji Cuisine such as washing dishes, mopping floors, cleaning the restaurant to prepare for opening and closing, and clearing garbage and snow from the restaurant's parking lot. A copy of the FLSA consents signed by both named plaintiffs are being filed with the Court on the same day that this Complaint is filed with the Court.

7. Defendant Medji Restaurant, LLC is a domestic limited liability company based in Wisconsin whose sole business is the operation of Meiji Cuisine. The co-defendants are a married couple that owned and operated Meiji Cuisine. Defendant Amy Huang may also be known by a Chinese first name that is currently unknown to the Plaintiffs.

## FACTS

8. Throughout the entire time period that the Plaintiffs worked for the Defendants at Meiji Cuisine, they were the only employees responsible for performing the work described by paragraph 6 of the Complaint.

9. Plaintiffs never received any tips for their work performed at Meiji Cuisine.

2

10. Plaintiffs were required by the Defendants to work six days per week, with a start time generally 30 minutes before Meiji Cuisine opens to the public at 11 a.m., and an ending time approximately 30 minutes after the last diner leaves Meiji Cuisine or 10 p.m., whichever is later. Plaintiffs may have worked longer during certain holidays.

11. Plaintiffs were required to work during hours when Meiji Cuisine was not open because they were responsible for cleaning the restaurant for opening and closing.

12. Plaintiffs were required by the Defendants to remain at the restaurant during the entire time period between their start time and ending time each day, so that even if they did not perform active work during a moment in time they were engaged to wait for more work to arise, which they would then be required to perform.

13. While the Plaintiffs were theoretically supposed to take a break between 3 p.m. and 4 p.m. each day, due to work needs they had to perform Plaintiffs never received a full hour off from work.

14. Defendants never maintained any records showing when the Plaintiffs started work each day, when the Plaintiffs finished work each day; and when the Plaintiffs uninterrupted meal break (if any) started or ended on any day.

15. When the Plaintiffs were first hired by Meiji Cuisine, they were paid a monthly salary of $1,800 no matter how many hours they worked during the month.

16. While the Plaintiffs' monthly salary did increase over time, so that by sometime in 2019 it had become $2,100 per month, Defendants never explained to the Plaintiffs that the salary increases was in recognition of the fact that they were working a greater number of hours.

3

17. Even at $2,100 per month the monthly salaries the Plaintiffs received were never sufficient to compensate them at $7.25 per hour for each and every hour that they worked during any month.

18. Individual defendants Cai Huang and Amy Huang were fully aware of the hours that the Plaintiffs worked; and were responsible for setting the amount of the Plaintiffs' compensation as a monthly salary below the straight time minimum wage, with no overtime premium pay no matter how many hours the Plaintiffs worked during the month. The individual defendants were also responsible for instructing the Plaintiffs on when they should begin and finish work each day, whether and how long of a break they may take during their workdays, assigning them work to perform during their workdays, and prohibiting them from leaving Meiji Cuisine during the day.

19. Upon information and belief the Defendants paid their other non-tipped employees, such as bus boys, an hourly wage with overtime pay.

**Count I.**     **Minimum Wage and Overtime Pay Claim Under the Fair Labor Standards Act.**

20. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 19 of the Complaint.

21. Because the Plaintiffs were non-tipped employees of the Defendants, and because the Plaintiffs do not fall within any of the exemptions recognized by §§207 and 213 of the FLSA, the Plaintiffs were entitled to the full minimum wage for each and every hour they worked for the Defendants, plus overtime pay for each and every hour worked over 40.

22. Because the monthly salaries the Plaintiffs received from the Defendants were never sufficient to pay them the straight time minimum wage for each and every hour that the

4

Defendants either knew or should have known they worked, let alone overtime pay, any agreement to use the monthly salary to compensate the Plaintiffs for all of their hours worked is unlawful and unenforceable, so that the flexible workweek method is not available to compute the Plaintiffs' damages.

23. Instead, the monthly salary should be presumed as compensation for the Plaintiffs' first 40 hours worked each week, so that the Plaintiffs are entitled to an additional time and a half the established regular rate for each and every one of their hours worked over 40 per week in addition to the salaries they received.

24. Even assuming the Court can rewrite the parties' agreement to conform to the law, the parties' original agreement was to use the monthly salary to compensate the Plaintiffs for approximately 57 hours worked each week, a figure computed by converting the monthly salary of $1,800 to an equivalent weekly salary, and then dividing the result by the minimum wage of $7.25 per hour.

25. When the Plaintiffs subsequently received a raise to their monthly salary from the Defendants, the Defendants never communicated to the Plaintiffs that the raise was caused by an increase in the number of hours that they were expected to work during the workweek. Consequently, no amended agreement was ever formed to use the monthly salary to compensate the Plaintiffs for more than 57 hours worked each week.

26. Therefore, even were the Court to rewrite the parties' agreement to conform to the law, the Plaintiffs are entitled to an additional time and a half the regular rate for each and every one of their hours worked over 57 each week.

5

27. Because the Defendants do not have any let along reasonable justifications for using salaries below the minimum wage, and without any additions for overtime premium pay, as the sole compensation for the Plaintiffs, the Plaintiffs are entitled to 100% liquidated damages on all FLSA unpaid wages, plus the application of a three years statute of limitations for willful violations.

28. The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against the Defendants.

29. Because Individual Defendants Cai Huang and Amy Huang were themselves the employers of the Plaintiffs under the FLSA, all defendants should be held jointly and severally liable for all FLSA wages, liquidated damages, and attorneys' fees and costs owed to the Plaintiffs.

**Count II. Minimum Wage and Overtime Pay Claim Under Wisconsin Law.**

30. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 29 of the Complaint.

31. Because exemptions under Wisconsin's minimum wage and overtime laws mirror the exemptions under the FLSA, Plaintiffs are entitled to the minimum wage of $7.25 per hour for each and every hour worked, plus overtime premium pay for all hours worked over 40 per week under Wisconsin law as well.

32. For each and every one of their work weeks the Plaintiffs are entitled to be paid the difference between the full straight time minimum wage and the salaries they received, plus premium pay equal to ½ of the minimum wage for each and every one of their hours worked over 40 per week.

33. By failing to pay to the Plaintiffs full minimum wage and overtime pay required by law within 31 days of when those wages were earned, Meiji Restaurant, LLC violated Wis. Stat. §§109.03(1) and (5), thus entitling the Plaintiffs to maintain an action against it pursuant to Wis. Stat. §109.03(5).

34. The Defendants had no justifiable reasons for failing to pay full minimum wage and overtime pay to the Plaintiffs, especially when they did offer hourly compensation plus overtime pay as appropriate to Meiji Cuisine's other non-tipped employees, so that the Defendants withheld full minimum wage and overtime pay from the Plaintiffs for dilatory and unjust reasons.

35. Plaintiffs are therefore entitled to recover from Meiji Restaurant, LLC, in addition to all wages owed to them, an amount equal to 50% of the unpaid wages as liquidated damages pursuant to Wis. Stat. §109.11(2).

36. Plaintiffs are also entitled to recover from entitled to recover from Meiji Restaurant, LLC their reasonable attorneys' fees and costs incurred in prosecuting this count of the Complaint pursuant to Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that the Defendants are jointly and severally liable to them for all minimum wage and overtime pay, plus 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act, for the time period starting on March 24, 2017;

2. Finds that Defendant Meiji Restaurant, LLC is liable to them for all minimum wage, straight time pay, and overtime pay, plus 50% liquidated damages, and attorneys' fees and

costs arising out of the Plaintiffs' claims arising under Wisconsin law, for the time period starting on March 24, 2018;

3. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 24th day of March, 2020.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308