UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

GAUDALUPE COMONFORT PASTRANA, and
RODRIGO NERI-BELTRAN,

    Plaintiffs,

v.                                    Case No. 20-CV-470

MEIJI RESTAURANT, LLC,
CAI HUANG, and
QIN YUN WU,

    Defendants.

---

**DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

---

## INTRODUCTION

Plaintiffs seek an order finding that a § 216 class should be conditionally certified under the Fair labor Standards Act, a class which Plaintiffs propose to represent on behalf of "similarly situated" employees. Plaintiffs allege in their motion that they have suffered from one violation of the FLSA related to overtime. Plaintiffs also seek a determination that the statute of limitations should be extended to three years rather than two years because Defendants knew or showed a reckless disregard that their conduct was prohibited by statute. Finally, Plaintiffs request that this Court order Defendants to produce to Plaintiffs three years' worth of employees names and addresses because Wisconsin administrative code requires employers to maintain such records.

As discussed in more detail below, Defendants are perplexed by Plaintiffs' motion for several reasons. First, Plaintiffs claim that the proposed class is similarly situated yet specifically alleged in their Amended Complaint that Plaintiffs were not similarly situated to all other employees at

1

Defendants. *See* Docket # 11, Paragraph 8 ("Throughout the entire time period that the Plaintiffs worked for the Defendants at Meiji Cuisine, they were the only employees responsible for performing the worked described in paragraph 6 of the Complaint"). Second, Plaintiffs allege that Defendants knew or showed reckless disregard that their conduct was prohibited by law, yet fail to provide a shred of evidence to show Defendants' intent or knowledge of the law. Finally, Plaintiffs try an end-around their evidentiary burden necessary to extend the statute of limitations to three years by claiming that since Wisconsin administrative law requires an employer to maintain three years' worth of employees' names and addresses, Plaintiffs should be entitled to such a class list.

## BRIEF BACKGROUND ON DEFENDANTS' EMPLOYEES

Defendants employ various types of employees in their restaurant. Although Plaintiffs attempt to categorize all of Defendants' employees as falling within the proposed class, such a categorization is inappropriate, even at the conditional certification stage. Importantly, the following discussion illustrates that Plaintiffs evidentiary support (a single declaration by a named Plaintiff and a declaration by Plaintiffs' counsel) does not even meet a modest burden.

While at Defendant, the named Plaintiffs worked as cleaners.[1] The named Plaintiffs were the only two cleaners employed at Defendant throughout their employment.[2] In fact, Defendants only employed two cleaners at any one time.[3] With regard to the remaining employees, Defendant employed one host, three to five servers, two hibachi chefs, one Japanese chef, two Chinese chefs and three Shushi chefs.[4] Although an employee may, from time to time, take out the garbage or wash a dish, the named Plaintiffs were the only employees responsible for such duties, which included washing dishes, mopping floors, clearing garbage and snow removal.[5] Importantly, some of these

---

[1] *See* Declaration of Cai Huang, Paragraph 4.
[2] *See id.*
[3] *See id.*
[4] *See id.* at P. 5.
[5] *See id.* at P. 4.

2

employees were paid differently than the others. For instance, some of the chefs and the servers received tips, while other chefs did not receive tips.[6] As this brief will establish, the lack of factually similar employees in job titles, job duties, and compensation is but one illustration as to why the Court should deny Plaintiffs' motion for conditional certification.

## STATUS OF THE CASE

This is not a typical motion for class certification where discovery has not yet been conducted. Thus, a brief review of the status of the case is warranted. The named Plaintiffs filed this case on March 24, 2020.[7] The Defendants subsequently answered the complaint on April 28, 2020.[8] On June 10, 2020, the Court held a telephonic scheduling conference with the parties and adopted the parties Rule 26(f) report, except that the Court decided that initial disclosures would be due on June 21, 2020.[9] On June 23, 2020, Plaintiffs served upon Defendants its initial disclosures, which did not identify any other similarly situated employees or provide damage computations.[10] On July 17, 2020, Defendants provided Plaintiff with responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.[11] Plaintiffs filed an amended complaint on July 22, 2020, which Defendants answered on August 11, 2020.[12]

Despite providing Plaintiffs with responses to its first round of written discovery, Plaintiffs have not identified any other individual that is allegedly similarly situated as the named Plaintiffs and have produced only one declaration from one of the named Plaintiffs, Guadalupe Comonfort Pastrana, and one from Plaintiffs' counsel in support of their motion for conditional certification.

---

[6] *See id.* at P. 5.
[7] *See* Dk. # 1.
[8] *See* Dk. # 2.
[9] *See* Dk. # 8 and 9.
[10] To date, Plaintiffs have not supplemented their initial disclosures or provided any damage computations to Defendants.
[11] *See* Dk. # 15-1. Plaintiffs did not indicate to Defendants any intention of conducting depositions during the time period allocated by the Court prior to bringing this motion.
[12] *See* Dk. # 11 and 16.

## ARGUMENT

### I. COLLECTIVE ACTION UNDER THE FLSA MAY BE ALLOWED IN THE COURT'S DISCRETION IF IT RESOLVES COMMON QUESTIONS OF FACT AND LAW.

Section 216 of the FLSA clearly makes it possible for employees to bring a collective action against an employer to recover unpaid compensation on their behalf and on behalf of other "similarly situated" employees. *See* 29 U.S.C. § 216(b); *Nehmelman v. Penn National Gaming, Inc.*, 822 F. Supp. 2d 745 (N.D. Ill. Sept. 29, 2011). The purpose of conditional certification and the maintenance of collective actions is to promote judicial economy by the "efficient resolution in one proceeding of common issues of law and fact arising from the same discriminatory activity." *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1269 (M.D. Ala. 2004) (*quoting Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

Most courts now follow a two-step process for analyzing a § 216 class certification motion. First, the court will look for a showing of similarity and then, second, after discovery has been conducted, the court will re-visit the issue and reevaluate whether there is similarity between the named plaintiffs and the opt-in plaintiffs. *See Nehmelman*, 822 F. Supp. 2d at 750. This case is currently at the first step of the process.

#### A. Conditional Certification Is Discretionary, Not Automatic.

Although clearly permissible, conditional certification of collective actions is not as automatic or lenient as Plaintiffs portray. The Court, in fact, has broad discretion to manage collective actions to promote the "efficient resolution … of common issues of law and fact." *Holt*, 333 F. Supp. 2d at 1269. Thus, although Plaintiffs cite to a number of cases that use words like "lenient" and "modest showing" in regard to a plaintiff's burden to demonstrate that they are "similarly situated" with the proposed class, that burden is **not** non-existent. *See Holt*, 333 F. Supp. 2d at 1270. The first step still requires "modest factual showings" through affidavits or other

admissible evidence that there is a "factual nexus" between the plaintiffs and the proposed class and a "common policy that affects all the collective members." *Id*. Additionally, where, as here, discovery has commenced, a "more stringent test is appropriate." *Bramble v. Wal-Mart Stores, Inc*., 2011 U.S. Dist. LEXIS 39457, at *16 (E.D. Pa. Apr. 12, 2011) (internal citations omitted).

A plaintiff seeks to use the conditional certification to gain access to a class list from the defendants in order to provide notice to potential class members so that they can decide whether to opt in to the litigation. *See DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 2008 U.S. Dist. LEXIS 102318, at *4-7 (E.D. Wis. Dec. 18, 2008) (stating that conditional certification is sought early on in the litigation, seeking the court to require the defendant to provide a list of all persons who may be members of the class); s*ee also Mercado v. North Star Foundations, Inc*., 2011 U.S. Dist. LEXIS 43229 (D. Md. Apr. 12, 2011). Thus, obtaining conditional certification can allow a plaintiff an opportunity to obtain that class list, but a court also has to be mindful that conditional certification is not used simply to "stir up litigation." *Bramble*, 2011 U.S. Dist. LEXIS 39457 at *18; *see also Meetz v. Wis. Hospitality Grp. LLC*, 2017 U.S. Dist. LEXIS 138380, at *7 (E.D. Wis. Aug. 29, 2017) (internal citations omitted) ("Because "a plaintiff's discovery demands upon conditional certification may impose a 'tremendous financial burden to the employer,' courts must be careful to avoid wasting the parties' time and resources in cases that do not warrant certification."). Accordingly, in the appropriate case, conditional certification can be denied even at the first stage where the plaintiff fails to come forward with the facts sufficient to justify that certification will result in judicial economy. *See Bunyan v. Spectrum Brands, Inc.*, 2008 U.S. Dist. LEXIS 59278, at *18 (S.D. Ill. Jul. 31, 2008) (denying conditional certification and finding that the "'modest factual' showing does require at least some minimal support for Plaintiffs' allegation that they, along with potential plaintiffs, are similarly situated in their job duties and their compensation plan.").

### B. Conditional Certification Is Only Appropriate For "Similarly Situated" Employees Whose Rights Are Violated By A Common Policy, Plan Or Practice.

In analyzing conditional certification, the court is not focused on whether the law has been violated; rather, the court's focus is upon "whether the proposed plaintiffs are similarly situated under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Bramble*, 2011 U.S. Dist. LEXIS 39457 at *14 (internal citations omitted). "The right to proceed collectively may be foreclosed where 'an action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice.'" *Id*. The plaintiffs must show that the potential class members "were together the victims of a single decision, policy or plan." *Rueda v. Tecon Services, Inc*. 2011 U.S. Dist. LEXIS 69356, at *6 (S.D. Tex. Jun. 28, 2011). Simply demonstrating a common plan or policy is not sufficient to justify conditional certification: both "similarly situated" employees and a "common policy" are required to show that certification is appropriate. These two elements are the "critical inquiry" in a motion for conditional certification. *See DeKeyser*, 2008 U.S. Dist. LEXIS 102318 at *5-7.

In addition, plaintiffs cannot rest upon unsupported assertions of fact to meet their burden. *See Trinh v. JP Morgan Chase & Co.*, 2008 U.S. Dist. LEXIS 33016, at *10 (S.D. Ca. Apr. 22, 2008) (finding the affiants' "speculative beliefs" that the other workers were similarly situated insufficient). Plaintiffs' factual assertions must be based upon personal knowledge, and plaintiffs must show the basis for that personal knowledge. *See Howard v. Securitas Sec. Servs.*, 2009 U.S. Dist. LEXIS 3913, at *12 (N.D. Ill. Jan. 20, 2009). It is plaintiffs' burden to come forward with facts that prove that they are similarly situated, and mere unfounded assertions do not suffice.

### II. In This Case, Conditional Certification Is Not Appropriate As It Will Not Promote Judicial Economy.

Plaintiffs have failed to show that conditional certification will promote judicial economy. Although Plaintiffs pay lip service to the concept of "similarly situated," they have failed to show

6
Case 2:20-cv-00470-LA   Filed 08/18/20   Page 6 of 19   Document 18

that they are factually similar to the proposed class or that there is a common policy at issue. Absent either of these factors, there is no efficient resolution of common issues of law and fact arising from the same allegedly discriminatory activity; and therefore, this Court should deny Plaintiffs' motion for conditional certification.

> **A. Plaintiffs Have Failed To Show Any Basis To Conclude That They Are "Similarly Situated" To The Proposed Class.**

Perhaps Plaintiffs short-changed the "similarly situated" analysis because a proper analysis reveals that, in fact, the Plaintiffs are not similarly situated to the proposed class. Given that Plaintiffs have failed to develop any argument that there is a factual nexus between Plaintiffs and the proposed class, that argument has been waived. *See Pond v. Michelin N. Am., Inc.*, 183 F.3d 592, 597 (7th Cir. 1999). Moreover, even if Plaintiffs had attempted to develop that argument, the following discussion illustrates that there is no factual nexus between the Plaintiffs and the proposed class.

As set forth above, the first step in the conditional certification standard requires plaintiffs to show that there is a "factual nexus" between the plaintiffs and the proposed class. *See Nehmelman*, 822 F. Supp.2d at 750. In their brief, Plaintiffs provide <u>no</u> analysis of how this Court should conclude that they are "similarly situated" to the proposed class. *See Bunyan v. Spectrum Brands, Inc.*, 2008 U.S. Dist. LEXIS 59278, at *18 (S.D. Ill. Jul. 31, 2008) (finding that "the 'modest factual' showing does require at least some minimal support for Plaintiffs' allegation that they, along with potential plaintiffs, are similarly situated in their job duties and their compensation plan"). On the contrary, Plaintiffs actually allege that they are not similarly situated to the proposed class because they were the only employees responsible for washing dishes, mopping floors, cleaning the restaurant, clearing garbage and snow removal.[13] Therefore, Plaintiffs have explicitly admitted that they are not similarly situated to other employees that worked at Defendants.

---

[13] *See* Dk. # 11, P. 6 and 8.

Even if the Court was to ignore this glaring admission, Plaintiffs have provided no evidence to substantiate that there were other similarly situated employees that performed the same job duties or held the same job title. Again, Plaintiffs likely glossed over this part of the analysis because it is abundantly clear that they do not hold the same job title or perform the same job duties as the other employees at Defendant.[14] Instead, Plaintiffs have relied on the vague declaration of Ms. Pastrana to meet their burden that the proposed class was similarly situated to the named Plaintiffs.

With respect to Ms. Pastrana, her declaration is so vague and ambiguous that the Court simply cannot rely on it as a basis to grant Plaintiffs' motion.[15] First, Ms. Pastrana claimed that "Defendants referred to [her], just like [they] referred to numerous other employees, as salary employees."[16] Ms. Pastrana's declaration, however, does not identify who allegedly made this statement, when this statement was made, nor does it identify the "numerous" other employees or provide their job titles or job duties. Second, Ms. Pastrana claims that she "typically" worked six days per week, Monday through Saturday, and would work on Sundays if she missed a regularly scheduled work day.[17] Ms. Pastrana also alleges that a "vast" majority of employees would work starting no later than 11:00 a.m. and would continue working until 10:00 p.m..[18] Ms. Pastrana's averments, however, do not identify the frequency in which this occurred to herself or her coworkers, nor does she identify a single employee by name, job title, or job duty. Third, Ms. Pastrana claims that she saw "many" other employees performing work between 3:00 p.m. and 4:00 p.m., when the restaurant was closed, claiming that they were working through their lunch break.[19] Again, Ms. Pastrana does not identify a single employee by name or job title and she does not explain the frequency in which this situation

---

[14] *See* Huang Decl., P. 4-5 (alleging that the named Plaintiffs were the only two cleaners employed by Defendant).
[15] Notably, Plaintiffs did not submit a declaration from the other named Plaintiff, Rodrigo Neri-Beltran.
[16] *See* Dk. # 14, P. 2.
[17] *See* Dk. # 14, P. 3.
[18] *See* Dk. # 14, P. 4.
[19] *See* Dk. # 14, P. 5

allegedly occurred. Ms. Pastrana also does not allege that Defendants required these unidentified employees to work through there break or if there was a policy prohibiting employees working through there break. Moreover, if Ms. Pastrana was working from 11:00 a.m. through 10:00 pm., how would she know if one of these identified employees took a break at a different time? Fourth, Ms. Pastrana also alleges that a "vast" majority of employees would work at least five out of the six days, Monday through Friday.[20] Ms. Pastrana, however, does not define how many employees are included in this category or how often this allegedly occurred, nor does she actually identify a single employee. Indeed, Ms. Pastrana did not even identify the other named Plaintiff in her declaration. Ms. Pastrana concludes her declaration with the following vague and ambiguous statement: "Persons that the Defendants classified as salaried employees were more likely than other employees to work at least between 11 a.m. and 10 p.m. for at least five out of the six days between Monday and Saturday each week."[21] As with her entire declaration, there is simply no substance to this allegation as Ms. Pastrana never identifies a single person and makes conclusory statements to support Plaintiffs motion. Moreover, it appears that Ms. Pastrana actually admits that some of the employees at Defendants were not salaried employees, yet Plaintiffs do not put forth any evidence to determine the delineation between salaried employees and other employees; instead claiming they should all be included within the proposed class. Importantly, Ms. Pastrana is able to determine each and every employee that Defendant allegedly classified as a salaried employee and claim they were more likely than other employees to work a specific schedule, yet she cannot identify a single salaried employee other than herself. Finally, it bears repeating that on the issue of whether there is a factual nexus of similarly situated employees, Ms. Pastrana's declaration stands in direct contrast to Plaintiffs' Amended Complaint.[22]

---

[20] *See* Dk. # 14, P. 6.
[21] *See* Dk. # 14, P. 6.
[22] *See* Dk. #11, P. 6 and 8.

9

Plaintiffs' counsel's declaration also fails to establish that the employees listed on the payroll records are similarly situated. As discussed above, Plaintiffs must base their allegations on personal knowledge and Plaintiffs' counsel lacks any personal knowledge as to the meaning behind the numbers in the payroll records, the identity of the individuals listed on the records (excluding the named Plaintiffs), the job duties of the listed employees, the hours of work for the listed employees, the pay classification of each employee, and any agreements between the listed employees and Defendants. Therefore, Plaintiffs' counsel is asking this Court to draw inferences from his unsupported allegations, which lack any personal knowledge whatsoever, to grant Plaintiffs motion for conditional certification.[23] *See Hatton v. Cablecom, LLC*, 2015 U.S. Dist. LEXIS 88617, at *14 (E.D. Wis. Jul 8, 2015) (declining to infer the identities of the purported class members when plaintiff failed to connect the purported class members to the illegal actions).

In the end, Plaintiffs have failed to demonstrate that they are factually similar to the proposed class. At best, all Plaintiffs have shown is a that the proposed class consists of employees that Plaintiffs' believe were not paid in accordance with the FLSA, a contention that is not supported by evidence and which Defendants vehemently dispute. This does not suffice, and it must be found that Plaintiffs have failed to carry their burden of demonstrating that Plaintiffs are similarly situated to the proposed class. *See Holt*, 333 F. Supp. 2d at 1270.

### B. Plaintiffs Have Failed To Identify Any Common Policy That Affects All Class Members.

Conditional certification requires Plaintiffs to show through affidavits or other admissible evidence that there is a common policy that affects all the collective members. *See Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) ("Unless defendant admits in its answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone

---

[23] Remember, Plaintiffs' counsel decided not to conduct any depositions after receipt of Defendants' discovery responses.

to make the required modest factual showing. Plaintiffs need not provide conclusive support, but they must provide an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy."). In addition, plaintiffs' factual assertions must be based upon personal knowledge, and plaintiffs must show the basis for that personal knowledge. *See Howard*, 2009 U.S. Dist. LEXIS 3913 at *12.

Rather than showing that they are factually similar to the proposed class, Plaintiffs appear to rely entirely upon a claim that there is a common policy at issue in this case. This analysis, if it can even be properly characterized as such, is also deficient. There are two problems with Plaintiffs' analysis. First, Plaintiffs' get lost in their analysis, focusing on allegations that the FLSA was violated. It is well-accepted that whether the law may have been violated in some instances is not the relevant inquiry. *See Jimenez v. GLK Foods, LLC*, 2013 U.S. Dist. LEXIS 106386, at *10 (E.D. Wis. Jul. 30, 2013) (internal citations omitted). The Court is concerned with whether there was a common policy, not whether a violation of the law occurred. Plaintiffs have failed to prove that they can meet this element. Second, Plaintiffs rely upon a single declaration from Ms. Pastrana that is vague and ambiguous and a declaration from Plaintiffs' counsel that lacks any personal knowledge to prop up their motion. *See Adair v. Wis. Bell, Inc.*, 2008 U.S. Dist. LEXIS 68942, at *17 (E.D. Wis. Sept. 11, 2008) (internal citations omitted) (finding that "unsupported assertions or widespread violations are not sufficient to meet Plaintiff's burden").

As discussed previously, the only purported "uniform" policy identified by Plaintiffs in their motion for conditional certification is essentially that Plaintiffs and the proposed class were not paid overtime for time spent working more than 40 hours per week. Any additional policies not described in Plaintiffs' Brief are deemed waived. *See Pond*, 183 F.3d at 597.

Plaintiffs rely on monthly payroll records produced by Defendants related to the calendar year of 2019 and June 2017 to support their contention that Defendants have a common plan or policy to

not pay their employees' overtime. Based on these payroll records, Plaintiffs claim it can be deduced that each of the listed employees were improperly categorized as salaried employees that worked more than 40 hours a week but were not paid overtime. *C.f. Hatton*, 2015 U.S. Dist. LEXIS 88617 at *14.

A closer look at Plaintiffs position and the evidentiary proof supplied by Plaintiffs demonstrate fatal flaws in their claim. First, Plaintiffs have produced no evidence that all or even most of the employees on the payroll records are salaried. Indeed, Plaintiffs only claim that the "vast" majority of employees were salaried, which is based on Ms. Pastrana's declaration, wherein she does not identify a single other employee by name or job title[24] Second, Plaintiffs have not produced any written policies that supports their contention. Third, the records themselves are vague and ambiguous as they do not provide any indication of the number of hours each employee worked or the reasons for any possible deduction from the wages.[25] Fourth, Plaintiffs have not produced any other declaration or affidavit to support their contention of a uniform or common policy. Notably, Plaintiffs did not even include a declaration from the other named plaintiff, Rodrigo Neri-Beltran. Finally, Plaintiffs fail to produce any evidence during the time that Ms. Pastrana was not employed at Defendants (May 2018 through November 2018 and January 2020 to March 2020).[26]

It is important to revisit Ms. Pastrana's declaration to determine whether Plaintiffs have met their burden of showing a uniform or common policy. Ms. Pastrana claims that "numerous other employees" were salaried because the Defendants referred to them as such.[27] Despite this vague and conclusory allegation, the fact that Ms. Pastrana does not claim that Defendants said this to all employees demonstrates that there was not a uniform policy. Moreover, Ms. Pastrana's allegation is

---

[24] *See* Dk. # 14.
[25] *See* Dk. # 15-2.
[26] *See* Dk. # 15-1, Defendants' response to Interrogatory No. 1.
[27] *See* Dk. # 14, P. 2.

ambiguous because she does not identify a single employee by name or position title, Ms. Pastrana fails to explain when this alleged statement was made, and fails to identify how many "numerous" employees received the statement. Finally, Ms. Pastrana has not shown that she has any personal knowledge that the alleged statement was in fact true – that these unidentified employees were actually salaried employees.

Ms. Pastrana then claims that she was aware of everyone's schedule because she was present at the restaurant before it opened and after it closed; and therefore, she was aware that employees worked through their breaks or worked on Sunday if they missed a prior day of work that week.[28] Again, there are serious problems with Plaintiffs reliance on Ms. Pastrana's declaration to support a contention of a uniform or common policy. First, Ms. Pastrana admits in her declaration that she missed work so her allegations, made in absolute terms, are inaccurate. Second, Ms. Pastrana fails to identify any other employee or identify how many employees were included in this group. Third, Ms. Pastrana's allegation that "many other employees" were performing work during their break time does not establish a common plan to not pay those employees overtime. For instance, just because Ms. Pastrana allegedly saw an employee working during their break time does not equate to a common plan. Indeed, Ms. Pastrana has not identified a particular employee or linked that employee to payroll records to establish, for a fact, that the employee was not paid for their time working through their break. Moreover, if some employees were taking their break and not working, as Ms. Pastrana's averment implies, then this would establish that there was not a uniform policy in place. Furthermore, Ms. Pastrana does not allege that Defendants demanded or required these other employees work during their break time. Finally, Ms. Pastrana does not allege that these other employees did not take a break at some other time.

---

[28] *See* Dk. # 14, P. 3-6.

Ms. Pastrana also alleges that "Persons that the Defendants classified as salaried employees were more likely than other employees to work at least between 11 a.m. and 10 p.m. for at least five out of the six days between Monday and Saturday each week."[29] Ms. Pastrana, however, has no personal knowledge as to who was classified as salary and who was not. Indeed, Ms. Pastrana even admits that there were other employees at the restaurant that were not salaried, yet Plaintiffs brief contends that all of the employees identified in the payroll records are improperly categorized as salaried employees and entitled to overtime. Given Ms. Pastrana's vague, ambiguous and contradictory allegations, Plaintiffs' reliance on her declaration does not meet their burden.

Plaintiffs' spend a significant portion of their brief providing examples of potential FLSA violations and believe that this establishes a uniform policy applicable to all similarly situated employees. As explained below, Plaintiffs reliance on their counsel's declaration to support these examples and establish their contention is fatally flawed.

First, Plaintiffs' counsel's calculations rest upon the vague and ambiguous declaration of Ms. Pastrana to incorrectly allege that every single listed employee on the payroll records were salaried employees. As Defendants have established, Ms. Pastrana's declaration implies that some of Defendants' employees are not salaried employees, her declaration conflicts with Plaintiffs Amended Answer and significant portions of her declaration are factually inaccurate. Moreover, Ms. Pastrana's declaration actually proves that Defendants did not have a uniform policy because throughout her declaration, not once does Ms. Pastrana claim that Defendants always treated all of the employees in the same manner nor does she alleged that all employees also engaged in certain conduct. In other words, how can one be accused of having a uniformed policy when the alleged policy is not followed or implemented uniformly?

---

[29] *See* Dk. # 14, P. 7.

Second, Plaintiffs' counsel's declaration is not based on personal knowledge. *See Sjoblom v. Charter Communs.*, LLC, 571 F. Supp. 2d 961, 968 (W.D. Wis. Mar. 4, 2008) (requiring that declarations be based on personal knowledge). How can it be? Plaintiffs' counsel decided not to conduct any depositions or conduct any other discovery to get an accurate understanding of the payroll records he now uses as support for Plaintiffs' motion. Indeed, Plaintiffs entire argument in this regard assumes that all of the employees listed on the payroll records are similarly situated to the named Plaintiffs. As addressed earlier in this brief, the named Plaintiffs are the only two cleaners that were employed by Defendants and some of Defendants' employees worked in tipped positions. This is ample proof that Plaintiffs' counsel is improperly asking the Court to draw inferences from his conclusory allegations to grant Plaintiffs motion for conditional certification. *See Hatton*, 2015 U.S. Dist. LEXIS 88617 at \*14.

Third, Plaintiffs' counsel makes unfounded assumptions with regard to the figures contained within the payroll records. In this respect, Plaintiffs' counsel is apparently able to decode what the figures mean despite the fact that Plaintiffs' counsel lacks any personal knowledge as to the number of hours actually worked by each listed employee, the rate of pay of each listed employee, the pay classification of each listed employee, the job title of each listed employee, the name of each listed employee, and whether any agreements exist between the listed employee and Defendants. Simply put, the payroll records do not demonstrate a uniform policy that employees are not paid for hours worked beyond forty in a work week because it does not show other necessary information like the number of hours each employee worked. Therefore, Plaintiffs' counsel's assumptions are not evidence of a uniform policy because they are not based on personal knowledge.

A common policy would be a policy that is generally applicable to all of the similarly situated employees. *See Rueda*, 2011 U.S. Dist. LEXIS 69356 at \*9-10. Regardless of how lenient one views Plaintiffs' burden, they have wholly failed to demonstrate that Defendants had a generally applicable

15

policy of failing to pay all employees listed on their payroll records overtime.

### III. PLAINTIFFS HAVE PRODUCED NO EVIDENCE TO SUPPORT IMPOSITION OF A THREE-YEAR STATUTE OF LIMITATIONS.

Plaintiffs allege that the statute of limitations should be extended from two-years to three-years because either Defendant knowingly violated the FLSA or showed a reckless disregard for its violations of the FLSA. Plaintiffs also appear to argue that they should be entitled to three years' worth of employees' names and addresses because Wisconsin's administrative law requires employers to maintain such records for three years.[30]

With regard to extending the statute of limitations to three years, Plaintiffs entire argument relies upon their claim that because it is alleged in their amended complaint, they are entitled to it. Plaintiffs, however, fail to produce any evidence to support their position or to establish Defendants' intent or knowledge. Moreover, Plaintiffs fail to provide any precedent establishing that they can meet their burden by simply resting on disputed allegations in their amended complaint. *C.f. Nehmelman*, 822 F. Supp. 2d at 750 (citing *DeMarco v. Northwestern Memorial Healthcare*, 2011 U.S. Dist. LEXIS 88651, at *4 (N.D. Ill. Aug. 10, 2011) (quoting *Anyere v. Wells Fargo, Co.*, 2010 U.S. Dist. LEXIS 35599, *4 (N.D. Ill. Apr. 12, 2010) ("a modest factual showing cannot be founded solely on allegations of the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents."). Given the precedent on this issue, it is clear that Plaintiffs have not met their burden; and therefore, the Court should deny Plaintiffs' request to extend the statute of limitations to three years.

---

[30] Defendants are confused by inclusion of this argument into a motion for conditional certification for a couple of reasons. First, Plaintiffs fail to explain why such a request is appropriate in a motion for conditional certification. Second, Plaintiffs fail to explain whether they would use that list to send the opt-in notice to the proposed class. Granting such a request is problematic as Plaintiffs have utterly failed to establish or prove that the statute of limitations should be extended from two-years to three-years. Importantly, sending opt-in notices to individuals not within the scope of the class would cause unnecessary confusion and expense.

## CONCLUSION

Defendants are cognizant that Plaintiffs' burden in seeking conditional certification is modest. Nevertheless, when improvidently granted, conditional certification harms both the plaintiffs and the defendant. A case conditionally certified leads to enormous amounts of discovery and subsequent motion practice, both of which are burdensome and expensive for everyone. If conditional certification is granted, it should be done only where a plaintiff can legitimately meet its burden.

Here, Plaintiffs have not come forward with enough evidence or facts to justify moving this case to the conditional certification stage. The two Plaintiffs are not similarly situated to the purported class. Even if Plaintiffs could point to some facts that made them "similarly situated" to a well-defined class of employees, they have failed to show that there was a uniform or common policy to which they were subjected. Therefore, this Court should deny Plaintiffs' motion for conditional certification.

Dated this 18th day of August, 2020.

Respectfully submitted,

**MCDONALD & KLOTH, LLC**
Attorneys for the Defendants

By: s/Christopher M. Kloth
Christopher M. Kloth
State Bar No. 1061498
N96 W18221 County Line Rd. #200
Menomonee Falls, WI 53051
Main: (262) 252-9122
Direct: (612) 804-0871
Fax (414) 395-8773
cmk@themklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Yingtao Ho
**THE PREVIANT LAW FIRM, S.C.**
310 W. Wisconsin Avenue
Suite 100MW
Milwaukee, WI 53203
yh@previant.com

Counsel for Plaintiffs Gaudalupe Comonfort Pastrana and Rodrigo Neri-Beltran

Larry A. Johnson CROSS
LAW FIRM S.C.
845 North 11th Street
Milwaukee, WI 53233
ljohnson@crosslawfirm.com

Counsel for Plaintiff Vicente Martinez and
Maria Sandoval and opt-in Plaintiffs


*s/ Ronald S. Stadler*
Ronald S. Stadler