UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GUADALUPE COMONFORT PASTRANA
and RODRIGO NERI-BELTRAN,
        Plaintiffs,

v.                                         Case No. 20-cv-470

MEIJI RESTAURANT, LLC,
CAI HUANG, and QIN YUN WU,
        Defendants.

---

### ORDER

Plaintiffs' amended complaint alleges violations of the Fair Labor Standards Act ("FLSA") and Wis. Stat. § 109.03(5) with respect to rates of pay for overtime hours. ECF No. 11. Plaintiffs have moved for conditional certification under 29 U.S.C. § 216(b). ECF No. 12. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs are former employees of Meiji Cuisine in Waukesha. While at Meiji, Plaintiffs worked as non-tipped cleaning staff, responsible for washing dishes, mopping floors, garbage removal, etc. ECF No. 11, ¶¶ 6–9. Plaintiffs allege that they were required to work six days per week, from 11 a.m. to 10 p.m., with an hour break that was not fully taken sometimes. *Id.*, ¶¶ 10–14. Plaintiffs were paid monthly wages subject to reduction if they worked fewer than six days during any week and did not make up for the missed time by performing additional work. *Id.*, ¶ 15. Plaintiffs allege that their monthly wages were often insufficient for their average hourly wage for that month to reach the minimum wage, nor did they ever receive an overtime premium rate, regardless of the number of hours worked. *Id.*, ¶¶ 16–17, 21. Plaintiffs request permission to send notice to the following class:

All current and former salaried employees at Meiji Cuisine, 2503 Plaza Ct. in Waukesha, Wisconsin who worked at Meiji Cuisine on or after [November 6, 2017].

ECF No. 12-1.

## II. DISCUSSION

Conditional certification of a collective action under the FLSA is appropriate where plaintiffs show existence of a common or uniform policy that potentially violates the FLSA. *See, e.g., Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, 2013 WL 3287634, at *4–7 (W.D. Wis. Mar. 21, 2013) (finding "some factual nexus" between plaintiff and potential opt-in's as to uniform policy); *Brabazon v. Aurora Health Care, Inc.*, 2011 WL 1131097, at *5 (E.D. Wis. Mar. 28, 2011) (plaintiff's evidence "sufficient to create a reasonable inference" a common practice that may have resulted in improper compensation). The relevant question is whether a collective action "will facilitate efficient resolution of a legal dispute involving claims which share common questions and common answers." *Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 358 (W.D. Wis. 2014) (quoting *Berndt v. Cleary Bldg. Corp.*, 2013 WL 3287599, at *7 (W.D. Wis. Jan. 25, 2013)). *See also Jimenez v. GLK Foods LLC*, 2013 WL 3936928, at *3 (E.D. Wis. July 30, 2013) (relevant inquiry is whether Plaintiffs' claims may reasonably be expected to rise or fall together). When a common policy is alleged, initial certification may produce greater efficiency; if it is ultimately shown that none of the alleged policies of the defendants exist, "then all of the class members' claims would fail in unison." *Grosscup v. KPW Mgmt., Inc.*, 261 F.Supp.3d 867, 879 (N.D. Ill. 2017) (citing *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 378 (7th Cir. 2015)).

At this stage, Plaintiffs need only make "a modest factual showing" that they and potential class members were "victims of a common policy or plan that violated the law." *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 629–30 (W.D. Wis. 2009) (quoting *Austin v. CUNA*

*Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)). This standard is "fairly lenient" and does not involve adjudicating the merits of the claims or the "rigorous analysis" required when considering Rule 23 class certification. *Bitner*, 301 F.R.D. at 357 (citing *Fosbinder–Bittorf,* 2013 WL 3287634, at *4). Plaintiffs are entitled to rely on the pleadings and their own affidavits and need only make a modest showing that "their experience was shared by members of the proposed class." *Jimenez*, 2013 WL 3936928, at *3 (quoting *Iglesias–Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 368 (S.D.N.Y. 2007)). *See also Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F.Supp.2d 745, 750 (N.D. Ill. 2011) ("At the first step, the court looks for no more than a minimal showing of similarity.") (internal quotations and citation omitted). Plaintiffs need not provide conclusive support, but they must provide an affidavit, declaration, or other support beyond mere allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy. *Molina v. First Line Sols. LLC*, 566 F.Supp.2d 770, 786 (N.D. Ill. 2007).

In support of their motion, Plaintiffs offer a declaration from Plaintiff Pastrana and a copy of Defendants' payroll records for 2019. *See* ECF Nos. 14 & 15-2. Pastrana asserts that (1) she worked 11 a.m. to 10 p.m., six days per week, (2) she was paid a monthly salary subject to reduction if she worked fewer than six full days per week, (3) Defendants referred to her and other employees as "salaried employees," and (4) she would occasionally work on Sundays for holidays or to make up for a missed day that week. ECF No. 14, ¶¶ 2–3. While working at Meiji, she observed that the vast majority of other employees also worked 11 a.m. to 10 p.m. for at least five days per week and would still work during breaks so that the restaurant could reopen at 4 p.m. after closing for an hour. *Id.*, ¶¶ 4–6. She also observed that, based on the Sundays that she worked, most of the employees who missed one day of work Monday through Saturday that week would also work on Sunday. *Id.*, ¶ 6. Further,

Plaintiffs also put forward a selection of Defendants' payroll records, ECF No. 15-2, which they argue shows that other Meiji employees are similarly situated, *i.e.*, underpaid with respect to hourly rates for overtime. Specifically, Plaintiffs point to two instances where Defendants appear to have deducted pay for missed time from other employees, which Plaintiffs claim would make them non-salaried employees eligible for overtime pay, without regard to whether the missed hours were straight time or overtime hours. ECF No. 13 at 6–9. Taken together, Plaintiffs argue that this evidence reflects a uniform policy of paying salaries by a pro-rated amount, regardless of whether the affected hours were straight time or overtime hours, which violates the FLSA. In response, Defendants argue that Plaintiffs are not similarly situated to other potential class members because they were the only employees classified as "cleaners" while working there. Likewise, some employees received tips, while others, like Plaintiffs, did not. Defendants also challenge the sufficiency of Plaintiffs' supporting evidence.

I agree with Plaintiffs. Their interpretation of Defendants' pay sheet and the deductions applied to the named plaintiffs and others is reasonable and persuasive enough at this stage. Defendants' own documentation combined with Pastrana's affidavit is enough for a "modest factual showing" of a common policy with respect to the overtime hours reduction issue, particularly where the applicable standard is relatively lenient. As explained above, the fact that the named plaintiffs and potential class members do not have identical titles, roles, and responsibilities does not preclude them from being similarly situated where the challenged practice appears to be applicable to all employees paid on a pro-rated, weekly or monthly basis. *See, e.g., Marshall v. Amsted Indus., Inc.*, 2010 WL 2404340, at *6 (S.D. Ill. June 16, 2010) (granting conditional certification because "despite various job functions and titles of the employees in question, this lawsuit challenges one company policy

applicable to all hourly workers"). Further, Plaintiffs' evidence is sufficient because relying on Defendants' own documentation, as opposed to relying solely on employee declarations, is an acceptable way to allege the existence of a common policy at this stage. *See, e.g.*, *Montero v. JPMorgan Chase & Co.*, 2017 WL 1425611, at *5 (N.D. Ill. Mar. 22, 2017). In any event, the Pastrana affidavit supports granting conditional certification as well, because an affiant's personal knowledge may include reasonable inferences grounded in observation. *See Sjoblom v. Charter Commc'ns, LLC*, 571 F.Supp.2d 961, 968 (W.D. Wis. 2008) (citing *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (quotations omitted)). Plaintiff Pastrana's declaration meets this standard. Further, any argument as to other specific employees is premature at this stage. *See Bell*, 800 F.3d at 380 ("[E]mployees who could have been harmed by the policy, but were, in fact, not harmed, can be excluded during a later determination on the merits."); *Montero*, 2017 WL 1425611, at *6 (explaining that individualized inquiries do not preclude conditional certification). I conclude that Plaintiffs have made the minimal showing to send notice.[1]

Defendants also object to a three-year period for notice, arguing that two years is appropriate where Plaintiffs have not produced any evidence of knowing or reckless disregard with respect to the alleged FLSA violations. However, as Plaintiffs note, limiting the statutory period to two years amounts to a premature finding on the merits. As the amended complaint alleges a willful violation, notice for three years prior to the date of this order is appropriate at this point. *See, e.g.*, *Bessy v. Per Mar Sec. & Research Corp.*, 2018 WL 1583297, at *5 (W.D. Wis. Mar. 30, 2018); *Kneipp v. Re-Vi Design, LLC*, 2018 WL

---

[1] While I grant the motion to issue notice, I find that Plaintiffs have not demonstrated that they are similarly situated to tipped employees, who are subject to a significantly different pay structure. Plaintiffs appear to remove tipped employees from their proposed class in their reply brief anyway. *See* ECF No. 20 at 3. Accordingly, I limit the notice to non-tipped employees only. *See, e.g.*, *Apolinar, et. al. v. Fusha 311 West Inc. d/b/a Fusha Japanese Rest., et. al*, 2016 WL 11710468, at *3 (S.D.N.Y. Apr. 14, 2016).

3998033, at *6 (W.D. Wis. Aug. 21, 2018); *Reilly v. Century Fence Co.*, 2020 WL 1166708, at *7 (W.D. Wis. Mar. 11, 2020). Finally, Plaintiffs also request leave to send both English and Chinese versions of the notice and opt-in form to potential members, as Chinese may be their first and/or primary language. Defendants register no opposition to this request. Such a measure is appropriate. *See, e.g.*, *Jimenez*, 2013 WL 3936928, at *6. Plaintiffs may send both English and Chinese-language notice.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Plaintiffs' motion for conditional certification (ECF No. 12) is **GRANTED**. Defendant shall produce to Plaintiffs the names and most recent known addresses of all non-tipped employees paid on a weekly or monthly basis that it employed at Meiji Restaurant in the last three years within twenty-one (21) days of this order. Counsel for Plaintiffs may send notice to these current and former employees as proposed, in both English and Chinese. Plaintiffs shall docket a Chinese-language version for purposes of the record. The parties are to confer and submit new proposed deadlines for discovery, if necessary, and motions for final certification/decertification and summary judgment.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2020.

<u>s/Lynn Adelman</u>
LYNN ADELMAN
District Judge