UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GUADALUPE COMONFORT PASTRANA
and RODRIGO NERI-BELTRAN,
        Plaintiffs,

v.                                                                              Case No. 20-cv-470

MEIJI RESTAURANT, LLC,
CAI HUANG, and QIN YUN WU,
        Defendants.

## DECISION AND ORDER

Plaintiffs are proceeding on claims for back wages against Defendants, their former employers, who they allege violated the Fair Labor Standards Act ("FLSA") and Wisconsin state law. Specifically, Plaintiffs allege that they were not properly compensated for overtime hours. Plaintiffs have moved for partial summary judgment as to liability and seek liquidated damages plus application of a three-year statute of limitations. As explained below, the motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND[1]

Plaintiffs worked as cleaners at Meiji Restaurant, LLC ("Meiji") from March 2017 to December 2019. ECF No. 32 (Defendant's response to Plaintiffs' PFOF), ¶ 1.[2] Plaintiffs were normally scheduled to work from 11 a.m. to 10 p.m. with a meal break from 3 p.m. to 4:15 p.m., six days per week from Monday through Saturday. *Id.*, ¶ 4. In return, Plaintiffs were paid monthly based on the number of days worked; wages included lodging and food, however the parties dispute whether any qualifying transportation was provided. *See id.*, ¶¶ 5–7, 15–18; ECF No. 35, ¶ 9. However, this monthly payment would sometimes be the same amount for months where Plaintiffs worked a different number of Fridays and Saturdays,

---

[1] Facts are taken from the parties' proposed findings of fact, responses, and supporting declarations and exhibits. *See* ECF Nos. 26, 27, 28, 32, 33, & 35.
[2] The parties agree Plaintiffs were never exempt any under any section of the FLSA. *Id.*, ¶ 8.

which were days when they would accumulate overtime pay in a given workweek. *See* ECF No. 32, ¶ 4; ECF No. 27-1, ¶ 1. Defendants do not dispute that Plaintiffs are entitled to some amount of unpaid overtime wages. ECF No. 31 at 2 ("Defendants agree that overtime wages are owed to Plaintiffs.").

Defendants Cai Huang and Qin Yun Wu, owners and operators of Meiji, were responsible for setting Plaintiffs' hours, rate of pay, and work assignments. ECF No. 32, ¶¶ 2–3, 24–27; ECF No. 35 (Plaintiffs' response to additional PFOF), ¶ 1. Huang and Wu are of Chinese descent and moved to the United States in 1993. ECF No. 35, ¶ 2. Neither are fluent in English and both need an interpreter when speaking to a non-Chinese speaking person. *Id.*, ¶ 4. They assert that while they have a general knowledge of wage laws, they are not savvy businesspersons who have received training or instruction in the various legal intricacies of owning a business. *Id.*, ¶ 5. While they generally understand the difference between standard and overtime, they are "not trained in the detailed calculations required by the FLSA"; they developed the compensation plan with Plaintiffs directly and believed that it complied with state and federal wage requirements based on their previous experience. *Id.*, ¶¶ 5–12. *See also* ECF No. 33 (declaration of Cai Huang), ¶¶ 6–13.

Plaintiffs dispute Defendants' assertions as to the extent of their knowledge of the FLSA. Specifically, Plaintiffs argue that the existence of a prior U.S. Department of Labor ("DOL") investigation of Meiji shows that Defendants were aware of the relevant FLSA requirements. *See* ECF No. 27-3 (correspondence with DOL).

## II. DISCUSSION

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I view the evidence in the light most favorable to the non-movant and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Defendants do not dispute that overtime wages are owed or that their system violated

the FLSA, ECF No. 31 at 2,[3] but they oppose Plaintiffs' requests for liquidated damages and a three-year statute of limitations.[4]

## A. Liquidated Damages

Under the FLSA, a defendant-employer who is liable for unpaid overtime shall also be liable for an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999). However, 29 U.S.C. § 260 provides that "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." Employers must show that they took affirmative steps to ascertain FLSA requirements; showing that the violations were not willful is not enough. *See Pautlitz v. City of Naperville*, 874 F.Supp. 833, 835 (N.D. Ill. 1994) (citing *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908–09 (3d Cir. 1991)). The burden of proving both good faith and reasonable belief falls on the employer. *Uphoff*, 176 F.3d at 405 (citing *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). A district court's discretion in deciding the liquidated damages issue must be "exercised consistently with the strong presumption under the statute in favor of doubling... Doubling is the norm, not the exception." *Id*. (quoting *Shea*). *See also Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995) ("The employer bears a *substantial* burden in showing that it acted reasonably and with good faith.") (emphasis added).[5]

---

[3] Defendants also do not contest Plaintiffs' proposed method of computation. *See id*. ("Defendants further agree that the overtime wages should be calculated at ½ the standard pay rate for all hours worked between 40 and 58.5 hours per week and at 1 ½ the standard pay rate for all hours worked in excess of 58.5 per week."). Nor do they oppose Plaintiffs' request for joint and several liability. *See generally id*.

[4] Plaintiffs' motion does not include a specific damages request given outstanding disputes over the exact number of hours worked and the potential value of lodging and food they received from Defendants. ECF No. 25 at 3, 15.

[5] Because Plaintiffs do not bear the burden of proof on this issue, they can obtain summary judgment by pointing out the absence of evidence supporting Defendants' position. *See, e.g., Hussein v. Jun-Yan, LLC*, 502 F.Supp.3d 1366, 1374 n.10 (E.D. Wis. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *see also Diadenko v. Folino*, 741 F.3d 751, 757–58 (7th Cir. 2013) ("[S]ummary judgment is the put up or shut

Defendants argue that liquidated damages are inappropriate because they are laypersons who "relied on their general knowledge of minimum wage and overtime wage laws in calculating the compensation for their employees." ECF No. 31 at 3. They are not knowledgeable of the various intricacies of FLSA requirements and were not trying to dodge any applicable wage laws, genuinely believing that their compensation plan was adequate and lawful. *Id*. They also emphasize that they are of Chinese descent, cannot speak much English, and have a limited knowledge of the American legal system. *Id*.

Even viewing the facts in the light most favorable to Defendants, I conclude that Plaintiffs are entitled to liquidated damages. Beyond their professed good faith, Defendants have not provided any evidence suggesting an objectively reasonable belief in their plan's compliance with the FLSA for overtime wages: at no point did they consult with or seek advice from a lawyer, accountant, or other qualified person (such as another restaurant owner), instead relying only on their own general experience and knowledge in crafting their compensation plan. *See*, *e.g.*, *Berger v. Perry's Steakhouse of Illinois, LLC*, 430 F.Supp.3d 397, 409 (N.D. Ill. 2019) (imposing liquidated damages where the defendant failed to demonstrate "any 'affirmative step' taken to ensure compliance"); *Pautlitz*, 874 F.Supp. at 835 (good faith re: general FLSA compliance shown through "considerable documentation," including attendance at seminars and consultation with counsel and consulting firms, however failure to investigate specific compliance question resulted in application of liquidated damages). While I appreciate their belief in and desire to maintain compliance, Defendants' lack of investigation (*i.e.*, "affirmative steps") as to applicable wage laws that they are obligated to follow as employers and mere informal conversation with Plaintiffs doom any effort to overcome the high bar for avoiding liquidated damages, which are "presumptively appropriate for FLSA violations," *Urnikis-Negro v. Am. Fam. Prop. Servs.*, 616 F.3d 665, 672 (7th Cir. 2010). *See also Walton v. United Consumers Club*, 786 F.2d 303,

---

up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.") (quoting *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008)).

312 (7th Cir. 1986) (a "good heart but empty head" does not show a reasonably good faith belief that one's acts or omissions did not violate the FLSA); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act."); *Hussein*, 502 F.Supp.3d at 1375 ("[I]t is Defendants' obligation to make themselves aware of state and federal law and to make their practices and policies compliant.").

Defendants cite one case, from the Sixth Circuit, as an instance where liquidated damages were denied based on the defendants' reliance on their accountant's advice (with whom they met frequently) and the prior owner's practices. *See* ECF No. 31 at 3 (citing *Acosta v. Min & Kim, Inc.*, 919 F.3d 361, 366–67 (6th Cir. 2019)). This decision does not support Defendants on this issue: at no point did they affirmatively seek guidance on FLSA requirements like the *Acosta* defendants. *See* ECF Nos. 31 & 33. They simply offer no such evidence necessary to overcome the strong presumption of liquidated damages.

Because no reasonable jury could find that Defendants had reasonable grounds for believing that their practices for overtime pay did not violate the FLSA, the motion is granted on this issue. Plaintiffs are entitled to liquidated damages in the full amount.

**B.  Statute of Limitations**

"The statute of limitations for FLSA violations is two years, unless there was a 'willful violation,' in which case the limitations period is three years." *Caraballo v. City of Chicago*, 969 F.Supp.2d 1008, 1024 (N.D. Ill. 2013) (citing 29 U.S.C. § 255(a)). A violation is willful "if the defendant either knew he was violating the Act or was indifferent to whether he was violating it or not (and therefore 'reckless')." *E.E.O.C. v. Madison Cmty. Unit Sch. Dist.*, 818 F.2d 577, 585 (7th Cir. 1987). *See also Walton*, 786 F.2d at 308–09 ("[Willfulness] denotes some *highly culpable mental state*[,] either actual knowledge that one's acts violate the law or reckless indifference to the law.") (emphasis added); *McDonald v. Vill. of Palatine, Ill.*, 524 F.App'x 286, 289 (7th Cir. 2013) (willfulness met "if defendant knew it was violating law or

was indifferent to that possibility"). The plaintiff bears the burden of proof on this issue, *see Bankston*, 60 F.3d at 1253, which presents a significantly higher standard than that for obtaining liquidated damages, *id*. at 1254 ("It is easier for a plaintiff to receive liquidated damages under the FLSA than it is to extend the statute of limitations for FLSA claims…"). *See also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988) ("The fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations.").

I find that Plaintiffs have not met the high standard to win summary judgment on this issue. Plaintiffs have not shown that Defendants *knew* they were violating the FLSA or that they were indifferent to whether they were violating it; indeed, Defendants stress that they only now realize their ignorance of FLSA requirements for overtime as to Plaintiffs. At the time, Defendants knew the difference between straight and overtime pay but mistakenly believed, based on experience, that their plan incorporated overtime pay in light of wages, food, lodging, and transportation provided. Certainly, Defendants may have been negligent, but extending the statute of limitations requires showing some "highly culpable mental state." *Walton*, 786 F.2d at 308; *see also McLaughlin*, 486 U.S. at 133 ("'[W]illful'… is generally understood to refer to conduct that is not merely negligent."). Plaintiffs point to a prior DOL investigation into Meiji that "disclosed violations of the minimum wage, overtime, and record keeping provisions of the [FLSA]," ECF No. 27-3, as proof that a reasonable factfinder could only find that Defendants knew of and/or were indifferent to the FLSA violations at issue. Defendants object based on (1) the fact that Plaintiffs' evidence of the DOL investigation is only a short email and (2) the investigation in question was not focused on Plaintiffs' wages, but instead concerned other, tipped employees.

I agree with Defendants on these points. Plaintiffs in this position may use investigations of this sort to show that the employer disregarded previous warnings, instructions, or guidance in order to prove up willfulness. *See, e.g., Bankston*, 60 F.3d at

6

1254 (jury could reasonably find that unlawful practice inconsistent with existing internal memo from defendants' own legal department amounted to reckless disregard); *Deka v. Countryside Ass'n for People With Disabilities, Inc.*, 140 F.Supp.3d 698, 705 (N.D. Ill. 2015) (employer's repeated scoffing at FMLA leave as "a get out of jail free card" plus discussions of covering only some but not all ill employees amounted to plausible claim for willful violation).[6] However, the DOL investigation cited does not appear to have been targeted at Plaintiffs specifically, but instead looked at tipped employees, whose compensation is subject to distinctly different rules. *See* 29 C.F.R. § 531.50–60 (Subpart D–Tipped Employees). Likewise, it remains unclear whether, like Plaintiffs, these tipped employees were also compensated with food, lodging, and transportation or operated on the same schedule. And Plaintiffs present just a brief, four-sentence email that only confirms the investigation's existence and general nature, rather than specific findings, conclusions, warnings, recommendations, and/or penalties imposed that could show what information Defendants were exposed to.[7]

Absent more information about the investigation and viewing the current record in the light most favorable to Defendants, I conclude that they could prove to a reasonable jury that their violation was not willful. In any event, willfulness is ordinarily a jury question. *See Bankston*, 60 F.3d at 1253 ("It is the jury's province to decide which limitations period, two or three years, applies in light of the plaintiffs' evidence that the defendants acted willfully."); *Caraballo*, 969 F.Supp.2d at 1025 ("[W]hether an employer has acted willfully is a question of fact[.]"); *Berger*, 430 F.Supp.3d at 409 ("This [willfulness] question is one for the jury."); *Jones v. C & D Techs., Inc.*, 8 F.Supp.3d 1054, 1074 (S.D. Ind. 2014) ("While the circumstances discussed above surrounding [defendant's] time payment system may tend

---

[6] Cited with approval in *Sampra v. U.S. Dep't of Transportation*, 888 F.3d 330, 334 (7th Cir. 2018).
[7] Plaintiffs also point to an online Wisconsin Department of Workforce Development factsheet (found with an internet search) as proof that Defendants' FLSA violation was willful. *See* ECF No. 27, ¶ 4; ECF No. 27-4. But this supports a lack of reasonable investigation, not willfulness. *See Madison Cmty. Unit Sch. Dist.*, 818 F.2d at 585 ("[T]hat [the defendant] knew it was subject to the Act… is not the same thing as *knowing* it was violating the Act or *not caring* whether it was or not.") (emphasis added).

7
Case 2:20-cv-00470-LA   Filed 08/16/21   Page 7 of 8   Document 36

to indicate willfulness, the Court finds that this issue is more properly considered at trial rather than on summary judgment."); *Fugate v. Dolgencorp, LLC*, No. 3:10-CV-344, 2012 WL 5268494, at *7 (N.D. Ind. Oct. 23, 2012) ("Whether a violation of the FLSA is willful is a question of fact."), *aff'd on other grounds,* 555 F.App'x 600 (7th Cir. 2014); *Alice v. GCS, Inc.*, No. 05 C 50132, 2006 WL 2644958, at *6 (N.D. Ill. Sept. 14, 2006) ("The sincerity of defendants' beliefs and whether they were reasonable or in reckless disregard of established law is a question better left for the trier of fact."); *Renteria v. Italia Foods*, No. 02 C 495, 2003 WL 21995190, at *4 (N.D. Ill. Aug. 21, 2003) ("[P]laintiffs have not submitted evidence *conclusively* establishing that defendants acted with knowledge that the compensation scheme violated the law or with reckless indifference on this point.") (emphasis added).

The motion is denied on the statute of limitations issue, which can be resolved at a later stage of this case.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Plaintiffs' motion for partial summary judgment (ECF No. 24) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiffs' FLSA regular rate for each week shall be computed as proposed, *see* ECF No. 24, ¶¶ 1–2;
2. Defendants' system of compensating Plaintiffs violated the FLSA;
3. Defendants shall be held jointly and severally liable;
4. Plaintiffs are entitled to liquidated damages in the full amount; and
5. Plaintiffs' request for a three-year statute of limitations is denied at this stage.

A phone status conference will be set to discuss next steps in this case, including possible mediation and/or settlement without further litigation.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2021.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge